**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Marystel Silva Cortes,**

**Plaintiff,**

**-against-**

**Bubble Pop Laundromat Inc., et al.,**

**Defendants.**

**1:26-cv-03945 (JLR) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is Plaintiff's motion for a default judgment in the amount of $88,590.69 against Defendants Bubble Pop Laundromat Inc. ("Bubble Pop") and Pedram Ganjian ("Ganjian"). (*See* Pl.'s 9/24/26 Not. of Mot., ECF No. 21; Pl.'s Damages Calculations, ECF No. 23-8, at PDF p. 4.) This motion has been referred to the undersigned for a report and recommendation. (*See* 9/28/26 Order of Ref., ECF No. 25.)

On May 13, 2026, Plaintiff filed the Complaint in this action. (*See* Compl., ECF No. 1.) The Complaint alleges that Plaintiff performed unspecified work as a manual laborer for Bubble Pop and a Defendant named Smile New York Inc. ("Smile New York") during the period from on or about January 14, 2026 until on or about March 31, 2026, and asserts claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law. (*See id*. ¶¶ 56-57, 83-140.)

On July 29, 2026, Plaintiff's counsel filed a letter stating that "Defendants [which include Bubble Pop, Ganjian and Smile New York] have failed to appear or otherwise defend this action," that "Plaintiff intended to file a motion for default judgment by the end of August 2026" and that "[s]hould Defendants, or anyone appearing on their behalf, contact Plaintiff's counsel before the motion is filed, Plaintiff [would] promptly notify the Court and provide a further status update,

as appropriate." (Pl.'s 7/29/26 Ltr., ECF No. 12.) On August 28, 2026, Plaintiff filed a notice of voluntary dismissal without prejudice of her claims against Smile New York. (Pl.'s 8/28/26 Not., ECF No. 13.) That notice, which has not yet been approved by the Court,[1] states that the "dismissal is not the result of a settlement, duress, compulsion, or any other reason prohibited by the public policy considerations of the Fair Labor Standards Act" (*id.*), but does not set forth the reason for the dismissal.

On September 24, 2026, Plaintiff filed her motion for a default judgment that now is before the Court. (*See* Pl.'s 9/24/26 Not. of Mot.) As part of that motion, Plaintiff filed a sworn Declaration stating that during the period from on or about January 14, 2026, until on or about March 31, 2026 (*i.e.*, the entire period alleged in the Complaint), Plaintiff was working for Bubble Pop (a laundromat) "loading and unloading washing machines and dryers, sorting, washing, drying, folding, and organizing laundry, cleaning and maintaining the premises, and performing other general maintenance tasks." (Pl.'s 9/22/26 Decl., ECF No. 23-7, ¶¶ 11-12.)

No later than October 12, 2026, Plaintiff shall file a supplemental Declaration setting forth what separate work, if any, she performed for Smile New York (which apparently is a dental office) during the period January 14, 2026 to March 31, 2026, and Plaintiff's counsel shall file a letter stating the reason for the voluntary dismissal of the claims against Smile New York and whether consideration of any kind was received in exchange for such dismissal. No later than

[1] Even where dismissals of FLSA claims are without prejudice, some courts in the Second Circuit have undertaken review of such dismissals. *See Morales v. Next Stop 2006 Inc.*, No. 22-CV-03311(JLR) (JLC), 2022 WL 17348382, at *2 (S.D.N.Y. Dec. 1, 2022), *report and recommendation adopted*, 2022 WL 17811401 (S.D.N.Y. Dec. 19, 2022).

October 13, 2026, Plaintiff's counsel shall serve the aforesaid supplemental Declaration and letter upon all Defendants by mail and shall file proof of service to the ECF docket.

No later than October 30, 2026, Defendants shall file any response to Plaintiff's motion for a default judgment. In order for the corporate defendants to file a response, they must appear by counsel.[2] Defendant Ganjian may appear *pro se* and email his response to ProSe@nysd.uscourts.gov. Such response shall include the caption for this case, as well as the case number.

The Court's chambers shall mail copies of this Order to Defendants.

**SO ORDERED.**

Dated: New York, New York
October 4, 2026

[signature]

STEWART D. AARON
United States Magistrate Judge

[2] *See Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (noting the well-settled law that corporation cannot appear without attorney).