**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Marystel Silva Cortes,**

**Plaintiff,**

**-against-**

**Bubble Pop Laundromat Inc., et al.,**

**Defendants.**

**1:26-cv-03945 (JLR) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Court is in receipt of the letter from *pro se* Defendant Pedram Ganjian seeking an extension of time, *nunc pro tunc*, to respond to the Complaint. (10/26/26 Letter, ECF No. 28.) A Clerk's Certificate of Default was entered against Defendant Ganjian on September 3, 2026. (Cert. Default, ECF No. 19.) Accordingly, unless Plaintiff consents to vacating the default, Defendant Ganjian must move to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). *See Alexandria v. H & G Franchising, LLC*, No. 25-CV-03795 (VSB), 2025 WL 4906295, at *1 (S.D.N.Y. July 30, 2025) ("Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c)[.]").[1]

[1] "Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: '(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.'" *Alexandria*, 2025 WL 4906295, at *1 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *see also Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). "Because defaults are disfavored and disputes should ordinarily be resolved on the merits, doubts are generally resolved in favor of the defaulting party." *Yakob v. Lalav Grp. of Companies*, No. 25-CV-04286 (AT) (SN), 2026 WL 2224809, at *3

Accordingly, it is hereby ORDERED that, no later than Monday, November 9, 2026, either the parties shall file a proposed stipulation to vacate the default entered against Defendant Ganjian and extend the time for him to respond to the Complaint, *see, e.g., Saliba v. Hanover Capital Grp. LLC*, No. 24-CV-0401, 2024 WL 7125955, at *1 (S.D.N.Y. Aug. 13, 2024), or Defendant Ganjian shall file a motion to set aside the entry of default. If Defendant Ganjian files such a motion, Plaintiff's opposition shall be filed no later than November 16, 2026 and any reply shall be filed no later than November 23, 2026.

**SO ORDERED.**

Dated: New York, New York
October 28, 2026

Stewart d. Aaron
______________________________
STEWART D. AARON
United States Magistrate Judge

---

(S.D.N.Y. May 29, 2026), *report and recommendation adopted*, 2026 WL 2199745 (S.D.N.Y. July 30, 2026) (citing *Enron*, 10 F.3d at 95).